UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER BURNETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. MIRANDA, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-1239 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  He is proceeding with claims arising under the Eighth Amendment against nine defendants who are all current or former employees at High Desert State Prison (High Desert).  Generally speaking, plaintiff's remaining claims concern a lack of adequate accommodations for back problems experienced by plaintiff around the time he was transferred to High Desert on June 9, 2010.

　　　　On May 2, 2014, plaintiff filed a motion seeking preliminary injunctive relief.  He asks that, due to back problems, the court order defendants to house plaintiff in a cell by himself which does not have bunk beds.  He asserts that being assigned to a lower bunk bed causes him to suffer pain because:  1) he cannot sit up straight because of the overhead obstruction; and 2) getting out of bed is difficult due to the overhead obstruction.  He also claims being assigned to a lower bunk not only causes him pain, but exacerbates his back injuries.  While plaintiff does not indicate as

much, the court infers that plaintiff is also alleging that his being assigned to a top bunk would also cause pain and further injury.

There are several problems with plaintiff's motion. The most significant problem is plaintiff does not have a claim for "permanent" injunctive relief concerning housing accommodations in his complaint. The relief he seeks in his complaint is monetary damages to compensate him for past wrongful conduct. Complt. at 10.[1] Generally speaking, the court enters a "preliminary" injunction when action is needed before the court can issue a ruling on a request for a "permanent" injunction.[2] Since there is no claim for "permanent" injunctive relief concerning conditions of confinement, there is nothing for the court to do "preliminarily."

Furthermore, most of the allegations in plaintiff's complaint focus on events occurring around the time he was transferred to High Desert, some three years before this action was filed. Plaintiff does not adequately describe the condition of his back,[3] the medications provided to him, or the accommodations provided to him[4] at the time his complaint or motion for preliminary injunction were filed.

/////
/////
/////
/////

---

[1] The page numbers referenced are generally those assigned by the court's electronic docketing system.

[2] The first requirement for entry of a preliminary injunction is a finding by the court that the plaintiff is likely to succeed on the merits of a claim entitling the plaintiff to permanent injunctive relief. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

[3] Evidence presented with defendants' opposition suggests the pain and discomfort experienced by plaintiff from the time he arrived at High Desert until around the time he filed his complaint varied greatly. See Ds' Statement of Undisputed Facts ¶¶ 48-85.

[4] It is clear from defendant's opposition to plaintiff's motion (ECF No. 30) that plaintiff has received extensive medical attention for his back problems while at High Desert. He also has received many different medications and accommodations. See e.g. Decl. of R. Miranda (ECF No. 42).

For these reasons, plaintiff's motion for a preliminary injunction should be denied.[5]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 25) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 6, 2015

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
burn1239.pi

---

[5] Plaintiff's best course of action to obtain an injunction concerning accommodations provided to him at High Desert for back problems may be to initiate a separate lawsuit. In a new complaint, plaintiff should provide detailed information about his current condition, accommodations being provided to him, as well as his medications. Of course, plaintiff cannot obtain relief in this course unless he has exhausted administrative remedies with respect to his claims. See 42 U.S.C. § 1997e(a).