UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER BURNETT, | No. 2:13-cv-01239-MCE-CKD-P |
| Plaintiff, | |
| v. | **ORDER** |
| R. MIRANDA, et al., | |
| Defendants. | |

In bringing the present Motion for Reconsideration, Plaintiff Ester Burnett ("Plaintiff") asks this Court to reverse the Magistrate Judge's August 4, 2015 Order denying Plaintiff's request for appointment of counsel.  In that Order, the Magistrate Judge noted that district courts lack authority to require counsel to represent indigent prisoners, and while the Court may request the voluntary assistance of counsel in exceptional circumstances, the Magistrate Judge found no such circumstances to be present in this matter.  Despite that ruling, Plaintiff wants the Court to send this action to a panel of attorneys willing to accept prisoner civil rights cases on a pro bono basis.

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C.

///

1

§ 636(b)(1)(A).[1]  Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993).  If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently.  Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997).

      After reviewing the entire file, this Court cannot say that the Magistrate Judge's decision denying Plaintiff's request for appointment of counsel was clearly erroneous. The Magistrate Judge correctly noted that the Court cannot require counsel to represent indigent prisoners in § 1983 cases.  Nor does the Court find the Magistrate Judge's decision finding this matter to lack the exceptional circumstances necessary to even request the voluntary assistance of counsel to be clearly erroneous.  Plaintiff's Motion for Reconsideration (ECF No. 102) is DENIED.

      IT IS SO ORDERED.

Dated: January 20, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Similarly, under 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."